IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Jessica Winkler-Metts, | ) Civil Action No. 2:10-0245-CWH-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Broadband Companies, LLC and Donald Reynolds, individually and in his official capacity, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, a former employee of the Defendant Broadband Companies, LLC (hereinafter "Broadband"), pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq. Plaintiff alleges that she was subjected to a hostile working environment by the Defendant Donald Reynolds, that she was unlawfully retaliated against for engaging in protected conduct, and that the Defendants' conduct amounted to intentional infliction of emotional distress under the common law of South Carolina.

The Defendants have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., asserting that the Defendant Broadband does not meet the employee numerosity requirement to be a Defendant in a Title VII action, that the Defendant Reynolds cannot be held personally liable for alleged violations of Title VII in any event, and that the conduct alleged in the

1



Complaint, even if true, was not sufficiently severe and outrageous to constitute a claim for intentional infliction of emotional distress under South Carolina law.

The time for Plaintiff to respond to the Defendants' motion for summary judgment has expired, with Plaintiff submitting no memorandum in opposition or any other type of response to the Defendants' motion, which is now before the Court for disposition.[1]

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Here, the Defendants have established through the affidavits and other exhibits submitted in support of their motion that judgment on the pleadings is appropriate and, as noted, Plaintiff has failed to respond to the Defendants' evidence or motion with any specific facts showing there is a genuine issue for trial.

With respect to the Defendant Broadband, Title VII clearly provides that claims under that statute may only be brought against employers who have fifteen (15) or more employees. 22 U.S.C. §2000(e)(b); Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1244 (2010); Arbaugh v. Y&H Corp., 546 U.S. 500, 504-505 (2006); Elliott v. U. S. Home Protect of Charleston, LLC, No. 08-3531,

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2009 WL 2485959, at * 5 (D.S.C. Aug. 13, 2009).  The Defendant has submitted an affidavit from Fred Anthony, Owner and President of the Defendant Broadband, who attests that Broadband is a small company that has never had fifteen or more employees.  Anthony further attests that, during the time Plaintiff was employed at Broadband, Broadband employed between five and nine employees.  See Anthony Affidavit, with attached Exhibits [Payroll Records]; see also Reynolds Affidavit, at ¶ 3.  Therefore, both the Defendants Broadband and Reynolds are entitled to summary judgment on Plaintiff's Title VII claims.

Additionally, the Defendant Reynolds, individually, as Plaintiff's supervisor, is not considered an "employer" for purposes of Title VII liability.  Therefore, Reynolds would be entitled to summary judgment and dismissal as a party Defendant under Plaintiff Title VII claims even if Plaintiff's Title VII claims against the Defendant Broadband could otherwise proceed.  See Reynolds Affidavit, ¶ 4; Anthony Affidavit, ¶ 6; see also Bellamy v. Dowling, 07-2727, 2009 WL 2151199, at * 10 (D.S.C. Jul. 13, 2009)[Finding that there is no individual liability in cases brought pursuant to Title VII], aff'd. 2009 WL 3863432 (4th Cir. Nov. 19, 2009); see also Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Fantini v. Salem State College, 557 F.3d 22, 30-31 (1st Cir. 2009); Cintron-Alonso v. GSA Carribean Corp., 602 F.Supp.2d 319, 323-324 (D. Puerto Rico 2009)[No individual liability for agents or supervisors under Title VII].

Finally, if the court grants summary judgment on Plaintiff's Title VII claims (Counts One and Two of the Complaint), the only claim remaining in this lawsuit will be Plaintiff's state law claim for intentional infliction of emotional distress (Count Three).  Normally where federal claims in a lawsuit originally filed in the United States District Court are dismissed, leaving only state law causes of action, the undersigned recommends dismissal of the remaining state law claim(s) without



prejudice, so the Plaintiff can pursue any such state law claims in state court. This would allow the Plaintiff to obtain a ruling as to the viability of her state law claim in a more appropriate forum. See generally, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)["Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"]; Carnegie-Mellon v. Cohill, 484 U.S. 343, 350, n. 7 (1988) ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims."]. Further, if the Plaintiff's claim were to survive summary judgment, it would be much more appropriate for that claim to be tried by the state courts, while dismissal of Plaintiff's state law claim would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards. See 28 U.S.C.A. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, et al., 204 F.3d 109, 123-124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."]. The parties could further seek a fast track for resolution of these claims at the state level. Rule 40(c), S.C.R.C.P.

Because the Plaintiff here has failed to even respond to the Defendants' motion for summary judgment with regard to her state law claim, the undersigned considered recommending granting summary judgment on that claim as well, rather than dismissal without prejudice. However, since the Defendant Reynolds has asserted a counterclaim against Plaintiff for defamation, even if



summary judgment was recommended with respect to Plaintiff's outrage claim, the Defendant Reynolds' counterclaim for defamation would remain. Hence, a dismissal of that claim without prejudice would be necessary in any event, so that Reynolds could pursue that claim against the Plaintiff in state court.² Therefore, a dismissal without prejudice for both remaining state law claims is recommended.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants motion for summary judgment with respect to Plaintiff's Title VII causes of action (Counts One and Two of the Complaint) be **granted,** and that those claims be **dismissed.** With respect to Plaintiff's remaining claim for intentional infliction of emotional distress (Count Three), it is recommended that that claim be **dismissed**, without prejudice, and that the Defendant Reynolds' counterclaim for defamation also be **dismissed**, without prejudice. Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988) [Noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 17, 2010
Charleston, South Carolina

---

²The parties could, of course, maintain their state claims in this court if there was diversity jurisdiction in this case. See 28 U.S.C. § 1332(a). However, all of the parties are alleged to be South Carolina residents. See Complaint Section V; Answer, Section V. Therefore, diversity jurisdiction is not available in this case.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

