IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jessica Winkler-Metts, ) | Civil Action No.: 2:10-0245-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Broadband Companies, LLC and Donald ) | |
| Reynolds, individually and in his official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Jessica Winkler-Metts, who is pro se, filed this action pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq. The plaintiff alleges that she was subjected to a hostile working environment by the defendant Donald Reynolds, that she was unlawfully retaliated against for engaging in protected conduct, and that the conduct of Reynolds and Broadband Companies, LLC amounted to intentional infliction of emotional distress under the common law of South Carolina. All of the parties are alleged to be South Carolina residents.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a report and recommendation. On August 17, 2010, the magistrate judge issued a report recommending that summary judgment be granted in favor of the defendants on the plaintiff's Title VII causes of action (Counts One and Two), that the plaintiff's claim for intentional infliction of emotional distress (Count Three) be dismissed, without prejudice, and that the

defendant Donald Reynold's counterclaim for defamation be dismissed, without prejudice. (Docket Entry # 12). The magistrate judge advised the plaintiff of the procedures and requirements for filing objections to the report and the serious consequences if she failed to do so. The plaintiff has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court reviews the report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district Court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (Docket Entry # 12) by reference in this Order. Summary judgment is granted in favor of the defendants on the plaintiff's Title VII causes of action (Counts One and Two), and those claims are hereby

dismissed. The plaintiff's claim for intentional infliction of emotional distress (Count Three) and the defendant Donald Reynold's counterclaim for defamation are dismissed, without prejudice. The consent motion for defense counsel to withdraw from representation of the defendant Broadband Companies, LLC (Docket Entry # 13) is moot.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February ___, 2011
Charleston, South Carolina